IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MALIK GREEN, | : | Case No. 1:25-cv-117 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ALLY FINANCIAL, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant Ally Financial, Inc.'s Motion for Judgment on the Pleadings (Doc. 14), and Plaintiff Malik Green's Motion for Summary Judgment (Doc. 20) and Motion for Status Conference (Doc. 36). These motions are fully briefed and ripe for the Court's review. (*See* Responses, Docs. 19, 24; Reply, Doc. 32.) For the following reasons, the Court **GRANTS** Defendant Ally Financial, Inc.'s Motion for Judgment on the Pleadings (Doc. 14) and **DENIES AS MOOT** Plaintiff Malik Green's Motion for Summary Judgment (Doc. 20) and Motion for Status Conference (Doc. 36).

## BACKGROUND

The facts alleged in the Complaint provide sparse details regarding the context behind this action, aside from recognizing the existence of a contract. (Compl., Doc. 3, Pg. ID 48–49.) Defendant Ally Financial, Inc. informs that on or about March 11, 2022, Plaintiff Malik Green entered into a Retail Installment Sales Contract and Retail Purchase Agreement (collectively, the "Agreement") with World Toyota, a car dealership in

Atlanta, Georgia, to purchase a 2019 Toyota Camry (the "Vehicle"). (Answer, Doc. 8, ¶ 1; Agreement, Doc. 8-1, Pg. ID 79–85.) The Agreement lists "Ally Financial" as the lienholder. (Agreement, Doc. 8-1, Pg. ID 79.) Under the Agreement, Plaintiff agreed to make 75 monthly installment payments beginning on April 25, 2022. (Answer, Doc. 8, ¶ 3; Agreement, Doc. 8-1, Pg. ID 81.)

Plaintiff filed his Complaint (Doc. 3) on February 28, 2025, alleging that "Defendant's claim of indebtedness of Plaintiff is inaccurate and fraudulent," and "[t]here was never a loan given by ALLY FINANCIAL INC. to Malik Green." (Compl., Doc. 3, Pg. ID 48.) Plaintiff further alleges that "[t]here is no present verifiable lawful obligation by Malik Green to pay a debt," and "Plaintiff's claim is that he owes nothing to the Defendant." (*Id.*) Plaintiff brings claims against Defendant for commercial fraud and for violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at Pg. ID 49.)

Defendant filed its Answer (Doc. 8) on May 28, 2025. Subsequently, Defendant filed a Motion for Judgment on the Pleadings (Doc. 14) on June 24, 2025. Plaintiff filed a Response in Opposition (Doc. 19) to the Motion for Judgment on the Pleadings, to which Defendant filed a Reply in Support (Doc. 32). Additionally, Plaintiff filed a Motion for Summary Judgment (Doc. 20), to which Defendant filed a Response in Opposition (Doc. 24). Plaintiff did not file any reply in support of its Motion for Summary Judgment. Accordingly, Defendant's Motion for Judgment on the Pleadings (Doc. 14) and Plaintiff's Motion for Summary Judgment (Doc. 20) are now ripe for the Court's review.

**LAW**

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as for a motion under Rule 12(b)(6) for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). The Court construes the complaint in the light most favorable to the plaintiff, accepts all allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And, although the Court accepts well-pleaded factual allegations as true, it need not accept "a formulaic recitation of the elements of a cause of action" or "legal conclusions couched as factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "In considering a motion for judgment on the pleadings, a court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Roe v. Amazon.com*, 170 F. Supp. 3d 1028, 1032 (S.D. Ohio 2016). "In addition, a court may consider exhibits attached to a motion for judgment on the pleadings so long as they are referred to in the Complaint and are central to the claims contained therein." *Pressley Ridge Sch. for the Deaf v. Graham Local Sch. Dist., Bd. of Educ.*, No. 3:17-CV-166, 2018 U.S. Dist. LEXIS 84810, at *14 (S.D. Ohio May 21, 2018).

3

Pro se pleadings are generally held to a less stringent standard than formal pleadings drafted by lawyers. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). However, "the lenient treatment generally accorded to pro se litigants has limits," and "[l]iberal construction for pro se litigants does not abrogate basic pleading requirements." *Felder v. Ohio Dep't of Rehab. & Corr.*, No. 1:25-CV-123, 2025 U.S. Dist. LEXIS 51103, at *2–3 (N.D. Ohio Mar. 20, 2025) (cleaned up). Indeed, "[t]he Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff." *Id.* at *3. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (cleaned up).

## ANALYSIS

As an initial matter, the Court observes that Defendant contends it is erroneously sued as "Ally Financial, Inc.," and that it should instead be sued as "Ally Bank." (Motion for Judgment on the Pleadings, Doc. 14, Pg. ID 110.) However, because this distinction does not affect the Court's analysis, the Court refers to Defendant using the name alleged in the Complaint (Doc. 3). From what the Court can discern, Plaintiff brings claims against Defendant for fraud and for violation of the FDCPA. (Compl., Doc. 3, Pg. ID 49.) The Court addresses Defendant's arguments as to each claim in turn.

4

### I.      Plaintiff's Fraud Claim

Defendant first contends that Plaintiff's fraud claim should be dismissed. (Motion for Judgment on the Pleadings, Doc. 14, Pg. ID 114–15.) In making this assertion, Defendant initially points out that, in constructing his fraud claim, Plaintiff fails to address the existence of the Agreement. (*Id*. at Pg. ID 114.) Defendant also argues that Plaintiff's claims for fraud fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (*Id.* at Pg. ID 114–15.)

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," including "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). While the legal basis for Plaintiff's fraud claim is unclear, the lack of factual allegations supporting this claim is evident upon examination of the Complaint. Plaintiff simply states that, "Defendant is committing commercial fraud by demanding payment where there is no binding contractual obligation and no supporting proof that ALLY FINANCIAL INC. is a lender of Malik Green." (Compl., Doc. 3, Pg. ID 49.) Plaintiff further concludes that "ALLY FINANCIAL INC. has also committed fraud by stating that they are providing a loan and not providing the source of the law and/or means by which the loan was procured." (*Id.*) These conclusions, without more, do not meet the requirements of Rule 9(b). *See Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2022 U.S. Dist. LEXIS 215761, at *11 (E.D. Mich. Nov. 30, 2022) ("Plaintiff's pro se status does not excuse Rule 9(b)'s requirement that [his] claims of fraud be alleged with

particularity."); *Devaux-Spitzley v. Brown*, No. 2:22-CV-1959, 2023 U.S. Dist. LEXIS 35535, at *13 (S.D. Ohio Mar. 2, 2023) (dismissing a plaintiff's fraud claim where the complaint did not specify where the misrepresentations took place, did not describe the fraudulent scheme and the defendants' intent, and did not identify the injury suffered due to the alleged fraud). Accordingly, Plaintiff's fraud claim is dismissed.

## II.     Plaintiff's FDCPA Claim

Defendant next argues that Plaintiff's FDCPA claim should be dismissed. (Motion for Judgment on the Pleadings, Doc. 14, Pg. ID 115–16.) To establish a claim under the FDCPA, "a plaintiff must show that . . . the defendant is a 'debt collector' as defined by the Act, among other elements." *Rogers v. J.P. Morgan Chase Bank N.A.*, 466 F. Supp. 3d 791, 792 (N.D. Ohio 2020). A "debt collector" under the FDCPA is a person attempting to collect debts owed to another. *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734 (6th Cir. 2007). However, "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003). Here, the Complaint fails to allege any facts sufficient to support a plausible inference that Defendant is a debt collector, rather than a creditor. (*See* Compl., Doc. 3, Pg. ID 49, 55–56.) Plaintiff fails to state a claim under the FDCPA for this reason alone. *See Rogers*, 466 F. Supp. 3d at 792–93 (finding that a plaintiff failed to state an FDCPA claim, as the complaint did not allege facts supporting an inference that the defendant was a debt collector). Accordingly, Plaintiff's FDCPA claim is dismissed.

### III.    Plaintiff's Other Claims

Plaintiff cites Title 12 of the United States Code to suggest the invalidity of his auto loan under the Agreement. (Compl., Doc. 3, Pg. ID 49, 55.) However, Plaintiff does not cite, and the Court is unaware of, any authority supporting this contention. Accordingly, this claim is dismissed, as the Complaint fails to outline any plausible claim of recovery under Title 12.

Plaintiff also cites other statutes in what seems to be an effort to construct a claim that he does not owe Defendant under the Agreement. (Compl., Doc. 3, Pg. ID 48–49, 54–55.) As noted above, "[t]he Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff." *Felder*, 2025 U.S. Dist. LEXIS 51103, at *3. Accordingly, because the Court cannot discern any cognizable cause of action from these statements in the Complaint, any claim made to this end is dismissed. *See Fort v. Motuza*, No. 1:23-CV-1527, 2023 U.S. Dist. LEXIS 201143, at *4 (N.D. Ohio Nov. 9, 2023) ("The Complaint fails to include any discernible factual allegations and it fails to assert a cognizable claim based on recognized legal authority. This Court and the defendant are left to guess at basic elements of Plaintiff's purported claims. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8 and is therefore dismissed on this basis.").

Finally, to the extent Plaintiff attempts to add new claims in his Response (Doc. 24), such claims are not proper. *Edwards v. Warner-Lambert*, No. 2:05-CV-657, 2012 U.S. Dist. LEXIS 81684, at *15 (S.D. Ohio June 13, 2012) (noting that new claims cannot be added in a response to a motion for judgment on the pleadings). Accordingly, the Court

declines to allow Plaintiff to effectively amend his complaint in this improper manner.

\*       \*       \*

Before concluding, there is one final matter for the Court to address. Plaintiff's Motion for Summary Judgment (Doc. 20) and Motion for Status Conference (Doc. 36) remain pending. However, because the Court grants Defendant's Motion for Judgment on the Pleadings (Doc. 14), the Court does not reach the Motion for Summary Judgment (Doc. 20) or Motion for Status Conference (Doc. 36), and these motions are denied as moot. *See Ammann v. VNTG Place Ltd.*, No. 1:25-CV-1315, 2026 U.S. Dist. LEXIS 31351, at \*20 (N.D. Ohio Feb. 17, 2026) (granting a motion for judgment on the pleadings and thereafter denying a motion for summary judgment as moot).

### CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendant Ally Financial, Inc.'s Motion for Judgment on the Pleadings (Doc. 14) is **GRANTED**;

2. All claims in this case are **DISMISSED WITH PREJUDICE**;

3. Plaintiff Malik Green's Motion for Summary Judgment (Doc. 20) and Motion for Status Conference (Doc. 36) are **DENIED AS MOOT**; and

4. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND