**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | | |
|---|---|---|
| MALIK GREEN, | : | Case No. 1:25-cv-117 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ALLY FINANCIAL, INC., | : | |
| | : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on Plaintiff Malik Green's Motion to Alter or Amend Judgment (Doc. 40) and Motion for Leave to Appeal in forma pauperis (Doc. 41). Defendant Ally Financial, Inc. filed a Response in Opposition (Doc. 45) to Plaintiff's Motion to Alter or Amend Judgment (Doc. 40), but Plaintiff did not file a reply in support, and the time to do so has expired. Additionally, United States Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation (Doc. 46), recommending that Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 41) be denied. Plaintiff submitted timely Objections (Doc. 50) to the Report and Recommendation (Doc. 46). These matters are thus ripe for the Court's review.

## I. Plaintiff's Motion to Alter or Amend Judgment

The Court first addresses Plaintiff's Motion to Alter or Amend Judgment (Doc. 40) under Federal Rule of Civil Procedure 59(e). To prevail on a motion for reconsideration under Rule 59(e), a party must demonstrate either: (1) a clear error of law, (2) newly

discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Relief under this rule, however, is an "'extraordinary remedy' reserved for exceptional cases" that fit squarely within one of the four circumstances above. *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019).

A Rule 59(e) motion is not an opportunity "to re-hash old arguments or [] advance positions that could have been argued earlier but were not." *Gulley v. Cnty. of Oakland*, 496 F. App'x 603, 612 (6th Cir. 2012) (cleaned up). Indeed, such a motion should be denied if it only "raise[s] arguments which could, and should, have been made before," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), or "is premised on evidence that the party had in its control prior to the original entry of judgment." *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). "A litigant will not get himself a new judgment simply by making points he already has made or could have made." *Fields v. White*, No. 15-38-ART, 2016 U.S. Dist. LEXIS 177784, at *37 (E.D. Ky. Dec. 22, 2016) (cleaned up). "If he simply disagrees with the district court's judgment, he can appeal." *Id.*

Plaintiff first argues that reconsideration is appropriate because, in dismissing his case, the Court "construed Plaintiff's claims as a denial of the existence of a contract, when in fact Plaintiff not only acknowledged a contract but also challenged Defendant's standing and authority to enforce the alleged obligation." (Motion to Alter or Amend Judgment, Doc. 40, Pg. ID 296 (emphasis omitted).) But, Plaintiff is wrong. In dismissing Plaintiff's claims, the Court specifically recognized the alleged "existence of a contract,"

and the dismissal did not depend on any suggestion otherwise. (Order and Opinion, Doc. 38, Pg. ID 285.) Indeed, the Court dismissed the Complaint because Plaintiff failed to allege sufficient facts in support of his claims. (*See id.*)

Plaintiff next argues that the Court erred in dismissing his Fair Debt Collection Practices Act ("FDCPA") claim without allowing amendment. (Motion to Alter or Amend Judgment, Doc. 40, Pg. ID 296.) But, Plaintiff did not move to amend his Complaint, "nor was a proposed amendment submitted in any form as required by Rule 15(a) of the Federal Rules of Civil Procedure." *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003). "Without viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted." *Id.* Plaintiff's argument that the Court erred in dismissing the FDCPA claim without allowing him to amend his Complaint thus falls flat.

Plaintiff also argues that the Court improperly dismissed certain claims without addressing substantive issues including chain of title, assignment and servicing arrangements, and the identity of the creditor. (Motion to Alter or Amend Judgment, Doc. 40, Pg. ID 296-97.) But some of these issues were addressed, and others were not reached for the reasons stated in the Order—namely, that Plaintiff did not allege sufficient facts or legal bases for his claims. (Order and Opinion, Doc. 38, Pg. ID 289–92.)

Finally, Plaintiff contends that dismissal of this case with prejudice was improper because the Complaint's deficiencies could have been cured through amendment. (Motion to Alter or Amend Judgment, Doc. 40, Pg. ID 297.) But, as noted above, Plaintiff never moved to amend his Complaint, nor does he "point to any specific allegations he

could add" that could save his claims. *Wershe v. City of Detroit*, 112 F.4th 357, 372 (6th Cir. 2024) (quotation omitted). "Dismissal with prejudice is appropriate when 'the complaint could not be saved by an amendment.'" *Id.* (quoting *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 n.1 (6th Cir. 2021)). "Because no amendments appear able to save" Plaintiff's claims, dismissal with prejudice was proper. *Id.*

As Plaintiff does not identify a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice, his Motion to Alter or Amend Judgment (Doc. 40) is denied.

## II. Plaintiff's Motion for Leave to Appeal in forma pauperis

The Court next turns to Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 41). Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the Report and Recommendation (Doc. 46), the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 41) because his appeal would not be taken in good faith. Plaintiff objects, arguing that dismissal for failure to state a claim is not, by itself, grounds for denying leave to appeal in forma pauperis. (Objections, Doc. 50, Pg. ID 327.) That, however, is not what the Magistrate Judge held. Rather, the Magistrate Judge declined to find good faith on the

ground that the appeal lacked an arguable basis in law—a deficiency that constitutes bad faith, warranting denial of leave to appeal in forma pauperis. (*See* Report and Recommendation, Doc. 46, Pg. ID 316.)

Plaintiff's Objections also echo many of the substantive arguments that the Court has already dealt with in granting Defendant's Motion for Judgment on the Pleadings and denying Plaintiff's Motion to Alter or Amend Judgment. (Objections, Doc. 50, Pg. ID 328–29.) And, Plaintiff also argues that the Magistrate Judge failed to liberally construe his arguments in support of his Motion for Leave to Appeal in forma pauperis, but he fails to mention that, prior to making his Objections, he had not made any arguments in support of his Motion. (*Id.* at Pg. ID 329.)

In reviewing Plaintiff's Motion for Leave to Appeal in forma pauperis, the Magistrate Judge's Report and Recommendation, and Plaintiff's Objections, the Court agrees with the Magistrate Judge that Plaintiff's appeal lacks an arguable basis in law, and thus would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). Accordingly, Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 41) is denied.

Plaintiff is advised that, pursuant to Federal Rule of Appellate Procedure 24(a)(4), he may file, within 30 days after service of this Order, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Plaintiff's motion must include a copy of the affidavit filed in this Court, as well as this Court's statement of the reasons for denying pauper status on appeal. *Id.* If Plaintiff does not file such a motion within 30 days of service of this Order, or fails to pay the required filing fee within the same period, the appeal will be

dismissed for want of prosecution and will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless the Plaintiff can demonstrate that he did not receive notice of this Court's decision within the time period outlined in Federal Rule of Appellate Procedure 24(a)(5).

**CONCLUSION**

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion to Alter or Amend Judgment (Doc. 40) is **DENIED;**
2. The Magistrate Judge's Report and Recommendation (Doc. 46) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 50) are **OVERRULED**;
3. The Court **CERTIFIES** that any in forma pauperis appeal would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3); and
4. Plaintiff's Motion for Leave to Appeal in forma pauperis (Doc. 41) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND